## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| KIRK ALEXANDER GIBSON, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | Jury Trial Demanded |
| | : | |
| PALADIN HOSPITALITY | : | |
| GROUP, LLC, EARL E. CLOUD, | : | |
| III and JULIAN GOGLIA, | : | |
| | : | |
| Defendants. | | |

---

## COMPLAINT

---

Plaintiff Kirk Alexander Gibson ("Gibson"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants Paladin Hospitality Group, LLC ("Paladin Hospitality"), Earl E. Cloud, III ("Cloud"), and Julian Goglia ("Goglia") and shows the Court as follows:

## 1. INTRODUCTION

### 1.

This is an FLSA case. Plaintiff brings this action because Defendants failed to pay him minimum and overtime wages as required by the FLSA during the three years prior to the filing of this Complaint (the "Relevant Time Period").

### 2. JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Paladin Hospitality is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

### 3. THE PARTIES

4.

Gibson resides in DeKalb County, Georgia.

5.

During the Relevant Time Period, Gibson was an "employee" of Paladin Hospitality as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

6.

During the Relevant Time Period, Paladin Hospitality was an "employer" of Gibson as defined in FLSA § 3(d), 29 U.S.C. §203(d).

7.

Paladin Hospitality is a corporation organized under the laws of the State of Georgia.

8.

Paladin Hospitality is subject to the personal jurisdiction of this Court.

9.

Paladin Hospitality may be served with process through its registered agent Earl E. Cloud, III located at 24 Leslie Street, Atlanta, Georgia 30307.

10.

Cloud resides within DeKalb County, Georgia.

11.

Cloud is subject to the personal jurisdiction of this Court.

12.

During the Relevant Time Period, Gibson was an "employee" of Cloud as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

13.

During the Relevant Time Period, Cloud was an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

14.

Cloud may be served with process at his residence located at 24 Leslie Street, NE, Atlanta, Georgia 30307.

15.

Goglia resides within Fulton County, Georgia.

16.

Goglia is subject to the personal jurisdiction of this Court.

17.

During the Relevant Time Period, Gibson was an "employee" of Goglia as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

18.

During the Relevant Time Period, Goglia was an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

19.

Goglia may be served with process at his residence located at 151 Magnum Street, SW, Atlanta, GA 30313.

**A. Individual Coverage:**

20.

During the Relevant Time Period, Gibson was "engaged in commerce" as an employee of Paladin Hospitality as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**B. Enterprise Coverage:**

21.

During the Relevant Time Period, Paladin Hospitality was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

22.

During 2014, Paladin Hospitality had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

During 2015, Paladin Hospitality had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

During 2016, Paladin Hospitality had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

25.

In 2014, two or more employees of Paladin Hospitality used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: liquor, beer, wine, non-alcoholic beverages, kitchen equipment, lighting equipment, office supplies and electronics.

26.

In 2015, two or more employees of Paladin Hospitality used or handled the following items that moved in interstate commerce that are necessary for

performing its commercial purpose: liquor, beer, wine, non-alcoholic beverages, kitchen equipment, lighting equipment, office supplies and electronics.

27.

In 2016, two or more employees of Paladin Hospitality used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: liquor, beer, wine, non-alcoholic beverages, kitchen equipment, lighting equipment, office supplies and electronics.

28.

During 2014, Paladin Hospitality had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

29.

During 2015, Paladin Hospitality had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

30.

During 2016, Paladin Hospitality had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

31.

During 2014, Paladin Hospitality had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.

During 2015, Paladin Hospitality had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

33.

During 2016, Paladin Hospitality had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

34.

During the Relevant Time Period, Paladin Hospitality was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

### C. Statutory Employer

35.

During the Relevant Time Period, Cloud was an owner of the Pinewood.

36.

During the Relevant Time Period, Cloud exercised operational control over the work activities of Gibson.

37.

During the Relevant Time Period, Cloud was involved in the day to day operation of the Paladin Hospitality restaurant in which Gibson worked.

38.

During the Relevant Time Period, Paladin Hospitality vested Cloud with supervisory authority over Gibson.

39.

During the Relevant Time Period, Cloud exercised supervisory authority over Gibson.

40.

During the Relevant Time Period, Cloud scheduled Gibson's working hours or supervised the scheduling of Gibson's working hours.

41.

During the Relevant Time Period, Cloud exercised authority and supervision over Gibson's compensation.

42.

During the Relevant Time Period, Goglia was a Manager at the Pinewood.

43.

During the Relevant Time Period, Goglia exercised operational control over the work activities of Gibson.

44.

During the Relevant Time Period, Goglia was involved in the day to day operation of the Paladin Hospitality restaurant in which Gibson worked.

45.

During the Relevant Time Period, Paladin Hospitality vested Goglia with supervisory authority over Gibson.

46.

During the Relevant Time Period, Goglia exercised supervisory authority over Gibson.

47.

During the Relevant Time Period, Goglia scheduled Gibson's working hours or supervised the scheduling of Gibson's working hours.

48.

During the Relevant Time Period, Goglia exercised authority and supervision over Gibson's compensation.

49.

At all relevant times, the Cloud and Goglia shared control over the employment practices and procedures of Paladin Hospitality.

50.

During the Relevant Time Period, Gibson was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

51.

During the Relevant Time Period, Paladin Hospitality did not employ Gibson in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

52.

During the Relevant Time Period, Paladin Hospitality did not employ Gibson in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

53.

During the Relevant Time Period, Paladin Hospitality did not employ Gibson in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

54.

During the Relevant Time Period, Paladin Hospitality did not employ Gibson in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

55.

During the Relevant Time Period, Gibson was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

**d.      Additional Allegations**

56.

Defendants employed Gibson as a bartender at the Pinewood Tippling Room located in Decatur Georgia from approximately August 16, 2012 through April 20, 2015.

57.

Defendants simultaneously employed Gibson as a marketer of a line of cocktail syrups known as "Proof" from October 15, 2014 through September 15, 2016.

58.

At all times relevant from January 2014 through October 14, 2014, Gibson

worked exclusively as a bartender on behalf of Defendants.

59.

At all times relevant from January 2014 through April 20, 2015, Defendants

compensated Gibson at a rate of $2.13 per hour for his work as a bartender.

60.

At all times relevant from January 2014 through April 20, 2015, Defendants

required Gibson to pay a portion of the tips he received directly to Defendants and

their agents and employees for reasons other than the pooling of tips among

employees who customarily and regularly receive tips.

61.

At all times relevant from January 2014 through April 20, 2015, Defendants

required Gibson to pay a portion of the tips he received directly to Manager

Goglia.

62.

At all times relevant from January 2014 through April 20, 2015 and as a

result of illegal tip pooling, Defendants were not legally entitled to utilize the 'tip

credit" and, therefore, Defendants failed to compensate Gibson at or above minimum wage for each hour he worked as required by the FLSA.

63.

During his employment with Defendants, Gibson created a retail cocktail syrup marketed under the name "Proof".

64.

At all times relevant from October 15, 2014 through April 20, 2015, Defendants employed Gibson as both a bartender and marketer of Proof.

65.

At all times relevant from April 21, 2015 through September 15, 2016, Gibson worked exclusively as a marketer for Proof on behalf of Defendants.

66.

At all times relevant from October 15, 2014 through September 15, 2016, Gibson regularly worked in excess of 40 hours during each work week.

67.

At all times relevant from October 15, 2014 through September 15, 2016, Gibson regularly worked 50-60 hours during each work week marketing Proof.

68.

At all times relevant from October 15, 2014 through September 15, 2016, Defendants paid Gibson one check in the amount of $2,535.00 for the work he performed as a marketer for Proof on behalf of Defendants.

69.

At all times relevant from October 15, 2014 through September 15, 2016, Defendants failed to pay Gibson at one-and-one-half times his regular rate for work performed in excess of 40 hours in a single workweek.

## COUNT I — FAILURE TO PAY MINIMUM WAGE AS TO ALL DEFENDANTS

70.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

71.

During the Relevant Time Period, Gibson was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

72.

During the Relevant Time Period, Defendants failed to compensate Gibson at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

73.

During the Relevant Time Period, Defendants willfully failed to compensate Gibson at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

74.

Gibson is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

75.

As a result of the underpayment of minimum wages as alleged above, Gibson is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

76.

As a result of the underpayment of minimum wages, Defendants are liable to
Gibson for his litigation costs, including his reasonable attorney's fees in
accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS

77.

The allegations in all previous paragraphs are incorporated by reference as if
fully set out in this paragraph.

78.

During the Relevant Time Period, Gibson was an employee covered by the
FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C.
§ 207(a).

79.

From October 15, 2014 through September 15, 2016, Gibson regularly
worked in excess of forty (40) hours each week.

80.

Defendants failed to pay Gibson at one and one half times his regular rate for work in excess of forty (40) hours for most weeks from October 15, 2014 through September 15, 2016.

81.

Defendants willfully failed to pay Gibson at one and one half times his regular rate for work in excess of forty (40) hours in most weeks from October 15, 2014 through September 15, 2016.

82.

Gibson is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

83.

As a result of the underpayment of overtime compensation as alleged above, Gibson is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## 84.

As a result of the underpayment of overtime compensation as alleged above, Gibson is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from on or about December 2013 through September 15, 2016 due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation from October 15, 2014 through September 15, 2016 due under the FLSA, plus an additional like amount in liquidated damages;

4. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Delong Caldwell Bridgers**
**Fitzpatrick & Benjamin, LLC**

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

*/s/Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375

Counsel for Plaintiff